IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL E. BUBB, III, : | |
| : | No. 4:CV-04-2349 |
| Plaintiff, : | |
| : | (Judge McClure) |
| v. : | |
| : | (Magistrate Judge Mannion) |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social : | |
| Security, : | |
| : | |
| Defendant. : | |

**O R D E R**

February 1, 2006

**BACKGROUND:**

On October 26, 2004, plaintiff Paul E. Bubb, III, commenced this civil action under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's denial of his claim for Supplemental Security Income, under Title XVI of the Social Security Act. 42 U.S.C. §§ 1381-1383f.

The matter was initially referred to United States Magistrate Judge Malachy E. Mannion.

On December 2, 2005, Magistrate Judge Mannion issued a twenty-two page report and recommendation, which recommended that plaintiff's appeal be denied. On December 19, 2005, plaintiff filed objections to the report and recommendation.

The Commissioner waived her opportunity to respond to plaintiff's objections by letter dated January 3, 2006.

The court will address plaintiff's objections and adopt the magistrate judge's report and recommendation in full. After reviewing the Administrative Law Judge's ("ALJ") opinion and the administrative record upon which it was based, the court finds that Magistrate Judge Mannion properly concluded that the ALJ's opinion was based on substantial evidence. Therefore, the report and recommendation will be adopted and the case will be closed.

**DISCUSSION:**

### I. Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g). Our role is to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision and findings of fact. 42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It is less than a preponderance of the evidence but more than a mere scintilla." Id. The

substantial evidence standard is a deferential standard of review.  Id.

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

## II.  Analysis

There is a five-step evaluation process to determine whether an individual is disabled for purposes of Supplemental Security Income disability benefits.  20 C.F.R. § 416.920.  The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from performing past relevant work; and (5) whether the applicant's impairment prevents the applicant from doing any other work, taking into consideration the applicant's residual functional capacity, age, education and work experience.

The instant action was ultimately decided at the fifth step of the evaluation process.  The ALJ concluded that plaintiff retained the residual functional capacity to perform a wide range of work with certain non-exertional limitations, and that such work existed in significant numbers in the regional, state and national

economies. (Tr., Rec. Doc. No. 9, at 19.) Plaintiff argued that the Commissioner committed two errors, namely that the ALJ erred in concluding that plaintiff did not meet or equal a listed impairment, and that the ALJ erred in concluding that plaintiff has the residual functional capacity to perform substantial gainful work activities. Magistrate Judge Mannion determined that the ALJ's findings are supported by substantial evidence of record.

Plaintiff has now objected to the magistrate judge's report and recommendation. Plaintiff argues that the magistrate judge erred by: (1) upholding the ALJ's finding that plaintiff did not meet a listed impairment; (2) upholding the ALJ's evaluation of the medical and psychological evidence set forth in the record; (3) upholding the ALJ's assessment of plaintiff's credibility in light of the medical evidence; (4) upholding the ALJ's analysis of plaintiff's functional limitations; and (5) upholding the ALJ's finding that plaintiff could perform a wide range of work with certain non-exertional limitations. (Rec. Doc. No. 13-1.)

Plaintiff argues that "[t]he main issue in this case is the ALJ's refusal to recognize the overwhelming weight of evidence that Plaintiff is disabled" (Rec. Doc. No. 13-2, at 1), and spends the bulk of his brief reiterating medical and psychological evidence in the record. Our review of the record reveals that the ALJ did "acknowledge[] that the claimant suffers from an anxiety disorder, personality

4

disorder, and a pervasive developmental disorder." (Tr., Rec. Doc. No. 9, at 17.) However, the ALJ found that plaintiff's ailments do not meet or equal a listed impairment. Furthermore, the ALJ concluded "that the claimant retains the capacity to adjust to work that exists in significant numbers in the national economy." (Id. at 19.) We agree with the learned magistrate judge, for the reasons set forth in his report and recommendation, that these findings are supported by substantial evidence of record. We now address plaintiff's objections to the report.

Plaintiff's first objection goes to the ALJ's finding that plaintiff does not meet or equal a listed impairment. The magistrate judge conducted an extensive analysis of this issue, and we agree with his determination that the ALJ's decision is supported by substantial evidence of record.

Plaintiff's second objection is that the magistrate judge erred by upholding the ALJ's evaluation of the medical and psychological evidence set forth in the record. Our own review of the ALJ's decision reveals that he did consider the opinions of Dr. Andrew Haussmann, psychologist Michael Gillum, state agency medical consultant Dr. James Cunningham, Ph.D., and neuropsychologist Dr. Richard Dowell, Ph.D.. "The ALJ has broad discretion to determine the weight accorded to each doctor's opinion." Balsavage v. Director, Office of Worker's Compensation Programs, 295 F.3d 390, 396 (3d Cir. 2002). We agree with the

magistrate judge that the ALJ's finding that the medical and psychological evidence could not support a finding that plaintiff's mental impairments resulted in marked restrictions was supported by substantial evidence.

Plaintiff thirdly argues that the magistrate erred by upholding the ALJ's assessment of plaintiff's credibility. The magistrate judge squarely addressed this contention and we agree, for the reasons set forth by the magistrate judge, that the ALJ's assessment of plaintiff's credibility was proper. See, e.g., VanHorn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983).

Plaintiff's fourth and fifth objections are that the magistrate erred by upholding the ALJ's analysis of plaintiff's functional limitations and the ALJ's finding that plaintiff could perform a wide range of work with certain limitations. The ALJ considered, inter alia, plaintiff's testimony regarding his ability to do household chores, his enrollment and academic success in high school and college,[1] his hobbies, and the absence of any physical problems documented in the

---

[1] Plaintiff cites, without elaboration, Fargnoli v. Massanari, 247 F.3d 34 (3d Cir. 2001), to support the proposition that "[p]laintiff's participation in school cannot be used to show that he has the ability to engage in substantial gainful activity." (Rec. Doc. No. 13-2, at 5.) We do not see how Fargnoli applies to the facts of this case. We nevertheless note that plaintiff's academic pursuits were but one of a number of things considered by the ALJ in arriving at his conclusion, and were properly considered under 20 C.F.R. § 416.920(a)(4)(v) ("At the fifth and last step, we consider our assessment of your residual functional capacity and your

record. Based on a review of the entire record, the ALJ determined that despite "the claimant's mental impairment," he is still "capable of performing simple, routine, low stress, unskilled work, with not more than occasional contact with the public and co-workers." (Tr., Rec. Doc. No. 9, at 18.) The ALJ considered the opinion of a vocational expert in determining the various jobs plaintiff is able to perform given his residual functional capacity. We agree with the magistrate judge that the ALJ's determination that plaintiff retains the capacity to adjust to work that exists in significant numbers in the national economy is supported by substantial evidence of record.

**CONCLUSION:**

For the foregoing reasons, we will approve and adopt in full the magistrate judge's report and recommendation, and plaintiff's appeal from the decision of the Commissioner of Social Security will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The magistrate judge's report and recommendation is approved and adopted in full for the reasons set forth therein. (Rec. Doc. No. 12.)

---

age, education, and work experience to see if you can make an adjustment to other work.") (emphasis added).

2. Plaintiff's appeal from the decision of the Commissioner of Social Security is denied and the action of the Commissioner is affirmed.

3. The clerk is directed to close the case file.

       s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge